UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------

| | |
|---|---|
| PALMER/KANE LLC, | : |
| | : |
| Plaintiff, | : |
| - against- | : Index No. |
| | : |
| BENCHMARK EDUCATION COMPANY | : **COMPLAINT** |
| LLC, and DOES 1-10, | : |
| | : **JURY TRIAL REQUESTED** |
| Defendants. | : |

---------------------------------------------------------

Plaintiff Palmer/Kane LLC ("Palmer/Kane"), by and through its undersigned attorneys, hereby files this Complaint against defendant Benchmark Education Company LLC ("Benchmark"), and alleges as follows:

## NATURE OF THIS ACTION

1.      This is an action by a professional stock photography company against a major publisher for widespread and willful copyright infringement in its textbooks.

2.      Palmer/Kane is a stock photography production company that owns thousands upon thousands of high-quality commercial photographs, and holds U.S. Copyright Registrations in connection therewith.  Benchmark is a publisher that designs, publishes, prints, sells and distributes, among other things, educational materials in the form of paperback books, along with ancillary accompaniments both analog and digital in nature.  Benchmark also – increasingly – makes its materials available in a range of digital formats.

3.      Benchmark has admittedly and indisputably used numerous Palmer/Kane photographs in its print and digital textbooks; these uses were made in willful violation of the U.S. Copyright laws.  These infringements take multiple forms, which include the use of photographs without bothering to seek any permission or license, the use of photographs that

may have been licensed in ways that exceed those licenses, and the use of photographs that may have been licensed where such licenses have expired.

4. Upon information and belief, the infringements detailed in this Complaint are but a <u>fraction</u> of the acts of copyright infringement that Benchmark committed, as they represent what Palmer/Kane has been able to discover through its own research, without access to Benchmark's records revealing the full scope of infringing publications.

5. Palmer/Kane has spent a substantial amount of time and effort seeking to resolve its issues with Benchmark in a consensual manner. Unfortunately, Benchmark has refused to cooperate and has denied <u>any</u> responsibility for its actions. Palmer/Kane thus brings this action to establish and enforce its rights, and to recover the damages and injunctive relief to which it is entitled under the law.

6. Palmer/Kane seeks the maximum damages available to it for Benchmark's past and ongoing willful copyright infringement.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and 1338(b).

8. This Court also has subject matter jurisdiction under 28 U.S.C. § 1332(a) because there exists complete diversity of citizenship between the parties, and because the amount in controversy exceeds the jurisdictional requirement exclusive of costs and interest.

9. Venue in this district is proper as to Benchmark pursuant to 28 U.S.C. § 1391(b)(3) and New York Civ. Prac. L. & R. § 302(a)(3)(i) and (ii), because Benchmark is located in New York, Benchmark is licensed as a foreign corporation authorized to do business in New York, Benchmark regularly does and solicits business, and engages in a persistent course

of conduct, and derives substantial revenue from goods used or consumed or services rendered, in the state of New York, and because Benchmark expects or should reasonably expect its services to have consequences in the state of New York, and because Benchmark derives substantial revenue from interstate and international commerce.

## THE PARTIES

10.     Plaintiff Palmer/Kane LLC is a Vermont Limited Liability Company with its place of business at 77 Soundridge Road, Shelton, Connecticut 06484.

11.     Palmer/Kane is a stock photography production company that produces commercial imagery licensed through agencies such as Corbis Corporation ("Corbis"), Getty Images, Inc. ("Getty Images") and Alamy Ltd. ("Alamy") and occasionally directly to the end user. Palmer/Kane has been in business for 40 years. Over the last 20 years, Palmer/Kane has issued, through its agents, over 5,000 licenses for book use through The Stock Market ("TSM"), and its successor-in-interest, Corbis, some of them to Defendant Benchmark Education Company.

12.     Palmer/Kane was founded by the husband and wife team of Gabe Palmer and Patricia Kane, who are also the members of the LLC.  Mr. Palmer is a professional photographer who makes his living taking photographs and licensing them through the Palmer/Kane business, while Ms. Kane is primarily responsible for the day-to-day operations of the business.

13.     Defendant Benchmark Education Company LLC is a Delaware limited liability company with its principal place of business at 145 Huguenot Street, New Rochelle, New York 10801.  Benchmark is registered as a foreign limited liability company authorized to do business in New York.

14.     Defendants Does 1-10 are printers or other parties that were involved in the printing and/or distribution of titles that infringed upon Palmer/Kane's copyrights through the

unlicensed use of Palmer/Kane's photographs.  Plaintiff is ignorant of the true names and

capacities, whether individual, corporate, associate or otherwise, of Defendants Does 1 through

10, inclusive. Palmer/Kane is informed, believes and thereon alleges that each fictitious

defendant was in some way responsible for, participated in, contributed to the matters and things

of which Palme/Kane complains herein, including but not necessarily limited to the printing,

publication and/or distribution of infringing works, and in some fashion has legal responsibility

therefore. When the exact nature and identity of such fictitious defendants' responsibility for,

participation in, and contribution to the matters and things herein alleged is ascertained by

Palmer/Kane, Palmer/Kane will seek to amend this Complaint and all proceedings herein to set

forth the same.

## BACKGROUND FACTS

**Palmer/Kane Owns the Rights to the Photographs**

15.    Palmer/Kane is the exclusive owner to the copyrights to thousands of photographs

(the "Photographs"), all produced by Patricia Kane and photographed by Gabe Palmer, both

members of Palmer/Kane.

16.    All of the Photographs are the subject of one of the following three registrations

with the United States Copyright Office:

- VAu 529-623, Registered June 25, 2001 (the "2001 Registration")

- VA 1-297-358, Registered February 2, 2005 (the "2005 Registration")

- VA 1-811-724, Registered October 12, 2011 (the "2011 Registration")

17.    To date, Palmer/Kane has identified at least 12 acts of infringement by

Benchmark of its Photographs.  These infringements are set forth in the chart attached as **Exhibit**

**A**.  Palmer/Kane is continuing to investigate the actions of Benchmark, and will seek discovery

4

from Benchmark in the course of the litigation, all of which will undoubtedly identify additional acts of infringement.  Palmer/Kane reserves the right to amend Exhibit A and this Complaint accordingly.  Some of the infringements already identified involve uses by Benchmark of photographs that were licensed to Benchmark for limited editorial uses, but where Benchmark used the photographs in a manner that far exceeded the limited scope of the license.

18.     Corbis licensed all Palmer/Kane images to its customers on a rights-managed basis.  This means that the Corbis customers – including Benchmark – who licensed the right to use Palmer/Kane images were issued a limited editorial use license that limited the use of the photographs according to a variety of factors, such as media type, size, placement, quantity, language, distribution and term.

19.     Corbis's contractual terms prohibited Benchmark from using the licensed photographs longer than one year after the license was granted, unless an alternate term was agreed to in writing, and which option Benchmark only chose in two instances.

20.     To assist the Court, Palmer/Kane presents seven examples of the infringements already identified:

**"Children Using Flash Cards"**

21.     This photograph, reproduced below, was licensed to Benchmark through Corbis for limited editorial use on February 17, 2004, and appeared in the textbook entitled *Welcome to our School*, which was published in or about 2004:



22. In July 2009, Corbis withdrew this image from its collection, and returned all rights to license this work to Palmer/Kane, with no survival rights remaining with Corbis.

23. Upon information and belief, in 2015, Benchmark published a new edition of *Welcome to our School*, which included "Children Using Flash Cards."

24. Benchmark did not seek or obtain any license to use "Children Using Flash Cards" in the new edition of *Welcome to our School*, and this use is infringing.

25. Similarly, Palmer/Kane has identified multiple acts of infringement involving at least four additional Palmer/Kane Photographs, which Benchmark published in new print editions of textbooks containing the Photographs after Corbis relinquished the right to do so.

**"High School Chemistry"**

26. This photograph, reproduced below, was licensed to Benchmark through Corbis for limited editorial use on June 28, 2004, and appeared in the textbook entitled *Science Measuring Tools*, which was published in or around 2004.  The license expired on June 28, 2005.

6



Measuring tools are important to us in so many ways. Some of the most important scientific discoveries would not have been possible without measuring tools. Scientists need accurate measurements to make medicines. Surgeons need precise measurements to operate safely. And, thanks to tools that help predict weather, many people are able to prepare for dangerous weather.

27.     In 2011, well after the expiration of the license, Benchmark published a Spanish edition of *Science Measuring Tools* for use in the US market, entitled *Hablemos de los continentes*, which included "High School Chemistry," and this use is also infringing:



28.     Palmer/Kane has identified at least four other Benchmark Spanish Translation
(US Market) editions using Palmer/Kane photographs after any expiration of the license to do so.

**"Boy and Girl Looking at Star Fish"**

29.     This photograph, reproduced below, was licensed to Benchmark through Corbis
for limited editorial use on October 16, 2006, and appeared in the textbook entitled *Life at the
Beach*, which was published in or around 2006.  The license expired on October 16, 2007.



30.     In 2009, well after the expiration of the license, Benchmark facilitated or licensed the publishing of at least one foreign edition of *Life at the Beach* with an overseas publisher, and this use is also infringing.

31.     Palmer/Kane has identified at least five other Benchmark foreign titles published overseas in cooperation with one or more foreign publishers in violation of the prohibitions against permanently retaining high resolution image files and the transfer of licensing rights in the license terms governing the use of the photographs.

**"Family Beach Outing"**

32.     This photograph, reproduced below, was licensed to Benchmark through Corbis for limited editorial use on October 9, 2006, and appeared in the book entitled *Summer to Fall*, which was published in or around 2007. The license expired on October 9, 2007.



What can we do in summer? We can play in the water. We can play in the sand.

33.     Benchmark participates in a process by which 19 (21 at the time) states, called "adoption" states, approve educational materials for all its school systems, a process also employed by many major cities and counties.

34.     *Summer to Fall*, the textbook in which the "Family Beach Outing" infringement appears, can be found as a current selection on the state-wide adoption lists of the three largest adoption states, California, Texas and Florida, as well as New York City.

35.     Upon information and belief other Benchmark titles with Palmer Kane images appear or have appeared on the approval lists for these three states and along with *Summer to Fall*, likely appear on other states' approval lists of acceptable core and supplemental programs.

36.     These adoption-state and major city elections require publishers to provide substantial inventory to fulfill orders in a timely manner. Upon information and belief these inventory requirements collectively would exceed the total print run Benchmark has licensed at

100,000 for the life of the title and all its ancillary publications, and these excesses are infringing.

**"Family Watching Falling Star"**

37.     This photograph, reproduced below, was licensed to Benchmark through Corbis for limited editorial use on June 28, 2004, and appeared in the book entitled *Stars*, which was published in or around 2004.  The license expired on June 28, 2005.



38.     Upon information and belief, based on the royalty information reported to Palmer/Kane and the rate schedule in effect at the time, Benchmark used the photograph in a manner that materially exceeded the size limitation in the license, and this use is infringing.

39.     Upon information and belief, the same royalty reporting indicates that Benchmark exceeded the size limitations on at least five additional licenses of Palmer/Kane images.

**"Boy and Girl Looking at Globe"**

40.     This photograph, reproduced below, was licensed to Benchmark through Corbis for limited editorial use on November 9, 2006, and appeared in the book entitled *Mapping the Way*, which was published in or around 2007.  The license expired on November 9, 2007.



41.     Upon information and belief, based on royalty information reported to Palmer/Kane and the rate schedule in effect at the time, not only was the size enlarged beyond the scope of the license, but the license did not include a second use of the photograph, and these uses are infringing.

42.     Upon information and belief, at least one other Benchmark title containing a Palmer/Kane photograph has an unlicensed second use, and because physical copies of 11 out of the 13 books already at issue are unavailable to Palmer/Kane, there may be additional unlicensed duplication of images.

**"Sampling Water"**

43.     This photograph, reproduced below, was licensed to Benchmark through Corbis for limited editorial use on January 31, 2006, and appeared in the book entitled *Ocean Pollution*, which was published in or around 2007.



44.     This title was found in a US library in a set of 6 leveled readers called *The Environment*, which contains six leveled readers, including *Ocean Pollution*, six teachers' guides, and an ebook version of each title, all of which are dated 2006.

45.     Another Benchmark title was found included in another similar set of leveled books, teachers guides and ebooks, all dated 2007.

46.     All Benchmark titles appear in a variety of digital formats including whiteboard and talking ebooks, with the possible exception of one title which does appear on Google Play. Upon information and belief, digital formats are published contemporaneously with the corresponding ink-on-paper formats.

47.     Most recently Benchmark has introduced an online database that appears on information and belief to include all titles containing Palmer/Kane images with the one exception of *Crazy Fruit Salad*. This digital product allows for unlimited downloading by students on school or home computers, or anywhere they have Internet connectivity with a tablet or laptop computer.

48.     Upon knowledge and belief, each of the digital formats and the new subscription-based online database described above are not uses that were included in the licenses Benchmark obtained from Corbis for the use of Palmer/Kane's images, and these uses are all infringing.

**No Fair Use Defense**

49.     Benchmark is not protected by the fair use doctrine, 17 U.S.C. § 107.  The non-incidental uses of the Photographs in the Benchmark titles are quintessentially commercial uses that avoids the robust marketplace for the licensing of high-quality stock photography for use in textbooks.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Direct Copyright Infringement – Reproduction)

50.     Palmer/Kane repeats, realleges and incorporates herein by reference each and every allegation contained above as though the same were set forth herein.

51.     Benchmark, without authority, has made, is making, causing to be made, and purporting to authorize the making of unauthorized copies of Palmer/Kane's registered copyrighted photographs. Benchmark's conduct constitutes direct infringement of Palmer/Kane's exclusive rights under the Copyright Act to reproduce their copyrighted works, 17 U.S.C. § 106(1).

52.     Benchmark's acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Palmer/Kane.  Any licenses Benchmark purports to

hold have absolutely no bearing on Benchmark's liability, as any such licenses do not extend to the infringing uses or expired before the acts of infringement.

53.     As a direct and proximate result of Benchmark's infringement of Palmer/Kane's copyrights and exclusive rights under copyright, Palmer/Kane is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at Palmer/Kane's election, pursuant to 17 U.S.C. § 504(b), Palmer/Kane shall be entitled to its actual damages plus Benchmark's profits from infringement, as will be proven at trial.

54.     Palmer/Kane is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

55.     Benchmark's conduct is causing and, unless enjoined by this Court, will continue to cause Palmer/Kane great and irreparable injury that cannot fully be compensated or measured in money. Palmer/Kane has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Palmer/Kane is entitled to a permanent injunction requiring Benchmark to immediately stop printing or selling the infringing works, and immediately cease any reproduction of the infringed Photographs.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Direct Copyright Infringement – Public Display)

56.     Palmer/Kane repeats, realleges and incorporates herein by reference each and every allegation contained above as though the same were set forth herein.

57.     Benchmark, without the permission or consent of Palmer/Kane, and without authority, is publicly displaying and purporting to authorize the public display of Palmer/Kane's registered copyrighted photographs.  Benchmark's conduct constitutes direct infringement of Palmer/Kane's exclusive rights under the Copyright Act to publicly display their copyrighted photographs, 17 U.S.C. § 106(5).

58.     Benchmark's acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Palmer/Kane.  Any licenses Benchmark purports to hold have absolutely no bearing on Benchmark's liability, as any such licenses do not extend to the infringing uses or expired before the acts of infringement.

59.     As a direct and proximate result of Benchmark's infringement of Palmer/Kane's copyright and exclusive rights under copyright, Palmer/Kane is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at Palmer/Kane's election, pursuant to 17 U.S.C. § 504(b), Palmer/Kane shall be entitled to its actual damages plus Benchmark's profits from infringement, as will be proven at trial.

60.     Palmer/Kane is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

61.     Benchmark's conduct is causing and, unless enjoined by this Court, will continue to cause Palmer/Kane great and irreparable injury that cannot fully be compensated or measured in money. Palmer/Kane has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Palmer/Kane is entitled to a permanent injunction requiring Benchmark to immediately stop displaying, and making available for display Palmer/Kane's copyrighted photographs.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Contributory Copyright Infringement)**

62.     Palmer/Kane repeats, realleges and incorporates herein by reference each and every allegation contained above as though the same were set forth herein.

63.     Benchmark has infringed and is infringing Palmer/Kane's rights in its registered copyrighted photographs by, *inter alia*, directing and enabling Terbilang Buku and others to publish and display publicly Benchmark textbooks that contain the photographs.

64.     Those so directed or enabled by Benchmark are therefore directly infringing Palmer/Kane's exclusive rights of reproduction and public display, under 17 U.S.C. §§ 106(1) and (5).

65.     Benchmark is liable as a contributory copyright infringer for the infringing acts of Terbilang Buku and others. Benchmark enables, induces, facilitates, and materially contributes to each act of infringement by Terbilang Buku and others.

66.     Benchmark has actual and constructive knowledge that others are printing Benchmark textbooks and publicly displaying Palmer/Kane's copyrighted works.

67.     Acting with this actual and constructive knowledge, Benchmark enables, facilitates, and materially contributes to the others' copyright infringement, which could not occur without Benchmark's enablement.

68.     Benchmark's acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to Palmer/Kane's rights.  Any licenses Benchmark purports to hold have absolutely no bearing on Benchmark's liability, as any such licenses do not extend to the infringing uses or expired before the acts of infringement.

69.     As a direct and proximate result of Benchmark's infringement of Palmer/Kane's copyright and exclusive rights under copyright, Palmer/Kane is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at Palmer/Kane's election, pursuant to 17 U.S.C. § 504(b), Palmer/Kane shall be entitled to its actual damages plus Benchmark's profits from infringement, as will be proven at trial.

70.     Palmer/Kane is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

71.     Benchmark's conduct is causing and, unless enjoined by this Court, will continue to cause Palmer/Kane great and irreparable injury that cannot fully be compensated or measured in money. Palmer/Kane has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Palmer/Kane is entitled to a permanent injunction requiring Benchmark to immediately stop contributing to infringement of Palmer/Kane's copyrighted photographs.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(Vicarious Copyright Infringement)**

72.     Palmer/Kane repeats, realleges and incorporates herein by reference each and every allegation contained above as though the same were set forth herein.

73.     Benchmark has infringed and is infringing Palmer/Kane's rights in its registered copyrighted photographs by, *inter alia*, directing and enabling Terbilang Buku and others to publish an display publicly Benchmark textbooks that contain the photographs.

74.     Those others are therefore directly infringing Palmer/Kane's exclusive rights of reproduction and public display, under 17 U.S.C. §§ 106(1) and (5).

75.     Benchmark is vicariously liable for the infringing acts of Terbilang Buku and others.

76.     Benchmark has both the right and the ability to supervise Terbilang Buku's and others' infringing conduct, and to prevent Terbilang Buku and others from infringing Palmer/Kane copyrighted photographs.

77.     Benchmark significantly and directly benefits from the infringement by Terbilang Buku and others.

78.     Benchmark derives substantial revenue tied directly to the sales of Benchmark textbooks published or sold by Terbilang Buku and others, which it accomplishes in substantial part by offering the broadest spectrum and highest-quality content to its potential customers.

79.     Benchmark's acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Palmer/Kane.  Any licenses Benchmark purports to hold have absolutely no bearing on Benchmark's liability, as any such licenses do not extend to the infringing uses or expired before the acts of infringement.

80.     As a direct and proximate result of Benchmark's infringement of Palmer/Kane's copyright and exclusive rights under copyright, Palmer/Kane is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at Palmer/Kane's election, pursuant to 17 U.S.C. § 504(b), Palmer/Kane shall be entitled to its actual damages plus Benchmark's profits from infringement, as will be proven at trial.

81.     Palmer/Kane is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

82.     Benchmark's conduct is causing and, unless enjoined by this Court, will continue to cause Palmer/Kane great and irreparable injury that cannot fully be compensated or measured in money. Palmer/Kane has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Palmer/Kane is entitled to a permanent injunction requiring Benchmark to immediately stop engaging in vicarious infringement of Palmer/Kane's copyrighted photographs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Palmer/Kane prays for judgment against Defendants Benchmark and Does 1-10 as follows:

1.  For a declaration that Benchmark and Does 1-10 have infringed and continue to infringe Palmer/Kane's copyrights in the Photographs, both directly and secondarily;

2.  For a permanent injunction requiring that Benchmark and Does 1-10, and their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns,

and all persons acting in concert or participation with each or any of them, cease directly or indirectly infringing, or causing, enabling, facilitating, encouraging, promoting and inducing or participating in the infringement of, any of Palmer/Kane's copyrights or exclusive rights protected by the Copyright Act, whether now in existence or hereafter created;

3. For statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at Palmer/Kane's election, pursuant to 17 U.S.C. § 504(b), for actual damages plus Benchmark's and Does 1-10s' profits from infringement, as will be proven at trial;

4. For Palmer/Kane's costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505;

5. For pre- and post-judgment interest according to law; and

6. For such other and further relief as the Court may deem just and proper.


Dated: New York, New York
       October 12, 2018

                                        PARNESS LAW FIRM, PLLC

                                        By:    /s/ Hillel I. Parness
                                        Hillel I. Parness (HP-1638)
                                        136 Madison Ave., 6th Floor
                                        New York, New York  10016
                                        (212) 447-5299
                                        hip@hiplaw.com
                                        *Attorneys for Palmer/Kane LLC*

## EXHIBIT A: Identified Acts of Infringement (as of September 1, 2018)

**2001 Registration:** VAu 529-623, Registered June 25, 2001
**2005 Registration:** VA 1-297-358, Registered February 2, 2005
**2011 Registration:** VA 1-811-724, Registered October 12, 2011

| Photograph Title | Photograph ID | Copyright Registration | Publication Date(s) | Infringing Title(s) |
|---|---|---|---|---|
| *Workers in Protective Suits Sampling Lake Water* | I4690008 | 2001 Registration | 2006 | "Discover Forensic Chemistry" and ancillary products. |
| *Water Testing* | I4670102 | 2001 Registration | 2005 | "Ocean Pollution" and ancillary products. |
| *High School Chemistry* | O0670109 | 2001 Registration | 2004 | "Science Measuring Tools" and ancillary products. |
| *Family Watching Falling Stars* | PE1220350 | 2001 Registration | 2006 | "Stars" and ancillary products. |
| *Children Using Flash Cards to Learn Math* | O0660106 | 2001 Registration | 2004 | "Welcome to Our School" and ancillary products. |
| *Veterinarian Giving Dog Examination* | SC0030102 | 2001 Registration | | Unknown title and ancillary products. |
| *Juicy Fruit* | NT5288640 | 2005 Registration | 2004 | "Crazy Fruit Salad" and ancillary products. |
| *Brother and Sister at the Beach* | PE0040191 | 2005 Registration | 2007 | "Life at the Beach" and ancillary products. |
| *A line of Shadows* | PE0410488 | 2005 Registration | 2011 | "Making Maps" and ancillary products. |
| *Family Beach Outing* | PE0130107 | 2005 Registration | 2007 | "Summer to Fall" and ancillary products. |

**2001 Registration:** VAu 529-623, Registered June 25, 2001
**2005 Registration:** VA 1-297-358, Registered February 2, 2005
**2011 Registration:** VA 1-811-724, Registered October 12, 2011

| Photograph Title | Photograph ID | Copyright Registration | Publication Date(s) | Infringing Title(s) |
|---|---|---|---|---|
| *Boy and Girl Looking at Globe* | 4215212623 | 2011 Registration | 2007 | "All About Continents" and in "Mapping the Way" and ancillary products for both titles. |
| *Speeding Wheelchair Athlete* | PS2710298 | 2011 Registration | 2005 | "Three Laws of Motion" and ancillary products. |