UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/06/2020

PALMER/KANE LLC,

                              Plaintiff,

          -against-

BENCHMARK EDUCATION COMPANY
LLC, and DOES 1-10,

                              Defendants.

18-CV-9369 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Palmer/Kane LLC ("P/K" or "Plaintiff") commenced this copyright infringement action against Defendant Benchmark Education Company LLC ("Benchmark" or "Defendant") on October 12, 2018. (*See* Complaint ("Compl."), ECF No. 1.) Plaintiff P/K alleges that it owns certain professionally-taken photographs, and that Benchmark has violated P/K's federally-registered copyrights by using such photographs without or in excess of licenses from P/K. Before this court is Defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 18.) For the following reasons, Defendant's motion is GRANTED in part and DENIED in part.

## FACTUAL BACKGROUND

The following facts are derived from the Complaint and are assumed to be true for the purpose of this motion.

Plaintiff P/K is a stock photography production company that produces commercial imagery. (Compl. ¶ 11.) P/K is the exclusive owner of thousands of photographs, which have been produced by Patricia Kane and photographed by Gabe Palmer, both members of P/K. (*Id.* ¶ 15.) The Complaint alleges that the photographs at issue in this case (the "Images") are each subject to one of the following three registrations with the United States Copyright Office:

- VAu 529-623, registered June 25, 2001 (the " '623 Registration");
- VA 1-297-358, registered February 2, 2005 (the " '358 Registration"); and
- VA 1-811-724, registered October 12, 2011 (the " '724 Registration").

(*Id.* ¶ 16.) P/K licenses certain of its photographs through agencies such as non-party Corbis Corporation ("Corbis"). (*Id.* ¶ 11.) Corbis, in turn, licenses those photographs to its customers on a "rights-managed basis," meaning that the customers are issued a limited editorial use license that restricts the use of the photographs according to a variety of factors, *e.g.*, media type, size, etc. (*Id.* ¶ 18.)

One of Corbis's customers is Benchmark. (*Id.*) Benchmark is a publisher of, among other things, educational materials that are made available in paperback as well as digital formats. (*Id.* ¶ 2.) P/K alleges that Benchmark: (1) used certain Images without seeking any permission or license; (2) used certain Images in ways that exceeded the scope of any licenses; and (3) used certain Images where any licenses had expired. (*Id.* ¶ 3.) P/K alleges that it has identified at least 12 acts of copyright infringement, as summarized below:

| Image No. | Photograph Title | Photograph ID | Copyright Registration | Publication Date(s) | Infringing Title(s) |
|---|---|---|---|---|---|
| 1 | *Workers in Protective Suits Sampling Lake Water* | I4690008 | '623 | 2006 | "Discover Forensic Chemistry" and ancillary products. |
| 2 | *Water Testing* | I4670102 | '623 | 2005 | "Ocean Pollution" and ancillary products. |
| 3 | *High School Chemistry* | O0670109 | '623 | 2004 | "Science Measuring Tools" and ancillary products. |
| 4 | *Family Watching Falling Stars* | PE1220350 | '623 | 2006 | "Stars" and ancillary products. |
| 5 | *Children Using Flash Cards to Learn Math* | O0660106 | '623 | 2004 | "Welcome to Our School" and ancillary products. |
| 6 | *Veterinarian Giving Dog Examination* | SC0030102 | '623 | | Unknown title and ancillary products. |

| Image No. | Photograph Title | Photograph ID | Copyright Registration | Publication Date(s) | Infringing Title(s) |
|-----------|------------------|---------------|------------------------|---------------------|---------------------|
| 7 | *Juicy Fruit* | NT5288640 | '358 | 2004 | "Crazy Fruit Salad" and ancillary products. |
| 8 | *Brother and Sister at the Beach* | PE0040191 | '358 | 2007 | "Life at the Beach" and ancillary products. |
| 9 | *A line of Shadows* | PE0410488 | '358 | 2011 | "Making Maps" and ancillary products. |
| 10 | *Family Beach Outing* | PE0130107 | '358 | 2007 | "Summer to Fall" and ancillary products. |
| 11 | *Boy and Girl Looking at Globe* | 4215212623 | '724 | 2007 | "All About Continents" and in "Mapping the Way" and ancillary products for both titles. |
| 12 | *Speeding Wheelchair Athlete* | PS2710298 | '724 | 2005 | "Three Laws of Motion" and ancillary products. |

(*See id.* Ex. A.)[1]

Plaintiff also alleges the involvement of various Doe defendants who are printers or other

parties that were involved in the printing and/or distribution of titles containing P/K's photographs.

(*Id.*¶ 14.)

**STANDARD OF REVIEW**

**Rule 12(b)(6)**

On a 12(b)(6) motion, dismissal is proper unless the complaint "contain[s] sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When

there are well-pleaded factual allegations in the complaint, "a court should assume their veracity

and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. In

deciding a motion to dismiss, a court must "construe all reasonable inferences that can be drawn

---

[1] The Court has numbered the Images for ease of reference.

from the complaint in the light most favorable to the plaintiff." *Arar v. Ashcroft*, 585 F.3d 559, 567 (2d Cir. 2009). The critical inquiry is whether the plaintiff has pleaded sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**Rule 8**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In this Circuit, to meet the pleading requirements under Rule 8 in cases involving copyright infringement, plaintiffs have consistently been required to allege the four-prong standard set forth in *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36, n.3 (S.D.N.Y. 1992). *See Jacobs v. Carnival Corp.*, No. 06 CIV. 0606 (DAB), 2009 WL 856637, at *4 (S.D.N.Y. Mar. 25, 2009). Under *Kelly*, the complaint must allege:'(1) which specific original works are the subject of the copyright claim, (2) that plaintiff owns the copyrights in those works, (3) that the copyrights have been registered in accordance with the statute, and (4) by what acts during what time the defendant infringed the copyright.'" *Jose Luis Pelaez, Inc. v. McGraw-Hill Glob. Educ. Holdings LLC*, No. 16-CV-5393 (KMW), 2017 WL 3432303, at *2 (S.D.N.Y. Aug. 9, 2017) (quoting *Kelly*, 145 F.R.D. at 36, *aff'd*, 23 F.3d 398 (2d Cir. 1994), *cert. denied*, 513 U.S. 950 (1994)).

## DISCUSSION

Benchmark argues that Plaintiff has failed to adequately plead valid copyright registration status for any of the works that Plaintiff claims Benchmark infringed. (Def. Mem. in Supp. of Motion ("Def. Mem.") at 11, ECF No. 19.) Benchmark further contends that P/K's claims are barred by the Copyright Act's statute of limitations. (*Id*. at 15–19.) Benchmark additionally argues

that the Complaint has failed to identify the specific infringing works or infringing acts. (*Id.* at 19–22.) Lastly, Benchmark moves to dismiss P/K's claims to the extent they allege contributory and/or vicarious copyright infringement. (*Id.* at 22–25.) These arguments are addressed in turn.

## I.  Copyright Infringement Pleading Requirements

As to the adequacy of P/K's pleadings, the Court considers whether each of the four *Kelly* factors has been satisfied. *See Kelly*, 145 F.R.D. at 36.

### a.  Identification of Specific Photographs

Plaintiff alleges that it has "identified at least 12 acts of infringement by Benchmark of its Photographs," which are set forth in a chart attached to the Complaint. (*See* Compl. ¶ 17 & Ex. A.) The chart includes the photograph's title, "photograph ID," the relevant copyright registration, publication date(s), and "infringing title(s)." (*See id.*, Ex. A.) In the Complaint, Plaintiff provides additional details regarding seven of the Images in the chart: Image Nos. 2, 3, 4, 5, 8, 10 and 11. (*See id.* ¶¶ 20–45.) Plaintiff, however, notes that the works identified in the Complaint represent "a fraction of the acts of copyright infringement that Benchmark committed," and suggests that "access to Benchmark's records" would reveal the "full scope of infringing publications." (*Id.* ¶ 4.) In this vein, Plaintiff references "additional" Photographs, "other . . . editions" "other . . . titles" and "additional licenses" that it implicates in the infringement. (*See id.* ¶¶ 25, 28, 31, 35, 39.)

Defendant argues that Plaintiff has not sufficiently identified the infringing works, and thus has failed to satisfy the first *Kelly* factor. (Def. Mem. at 18–22.) Courts appear to be divided on this issue: some dismiss complaints where the list of works provided is not exhaustive of potential infringement claims,[2] while others allow complaints that rely upon such incomplete lists, but

---

[2] *See Palmer Kane LLC v. Scholastic Corp.*, No. 12 CIV. 3890 TPG, 2014 WL 1303135, at *3 (S.D.N.Y. Mar. 31, 2014) ("*Scholastic II*") (complaint failed to sufficiently plead the first element of copyright infringement where photographs listed in exhibit did not contain an exhaustive list); *Palmer Kane LLC v. Scholastic Corp.*, No. 12 CV 3890, 2013 WL 709276, at *3 (S.D.N.Y. Feb. 27, 2013) ("*Scholastic I*") (same); *Cole v. John Wiley & Sons, Inc.*, No.

dismiss any unidentified works.[3]  The Court agrees with the reasoning set forth in *Schneider v. Pearson Education, Inc.*, which follows the latter approach:

> [T]he Court fails to see why several discrete paragraphs in a Complaint should nullify other, factually specific allegations in the Complaint; it would be unjust and inappropriate to throw out these well-pleaded allegations, merely because Plaintiff's Complaint may also contain a bit of bathwater.  Simply stated, Plaintiff has alleged that specific works to which he owned the copyright were infringed upon, and by doing so, he has adequately pleaded this element under Rule 12(b)(6).

No. 12 CIV. 6392 JPO, 2013 WL 1386968, at *3 (S.D.N.Y. Apr. 5, 2013).  Plaintiff has enumerated twelve works that are the subjects of its action in Exhibit A to the Complaint.  Accordingly, the Court will not dismiss Plaintiff's claims wholesale.  The Court finds that Plaintiff has adequately identified only those works listed in Exhibit A of the Complaint, and therefore any claims as to works other than those listed in Exhibit A are dismissed without prejudice.[4]

### b.  P/K's Ownership of the Images' Copyright

Plaintiff alleges that it is the exclusive owner to the copyrights of the Images, which are each subject to one of three registrations listed in the Complaint.  (Compl. ¶¶ 15–16.)  Exhibit A

---

[3] 11 CIV. 2090 DF, 2012 WL 3133520, at *12 (S.D.N.Y. Aug. 1, 2012) (concluding it is "insufficient to list certain works that are the subject of an infringement claim, and then allege that the claim is also intended to cover other, unidentified works").  *Scholastic I* and *Scholastic II* relied on *Plunket v. Doyle*, where the court found the complaint failed to sufficiently plead the first element of copyright infringement where the claims were "not limited" to the works listed in complaint.  No. 99 CIV. 11006(KMW), 2001 WL 175252, at *4 (S.D.N.Y. Feb. 22, 2001).

[3] *See Lefkowitz v. McGraw-Hill Glob. Educ. Holdings, LLC*, 23 F. Supp. 3d 344, 353 & n.7 (S.D.N.Y. 2014) ("To the extent that Plaintiff seeks to assert copyright infringement claims for works not listed in the [chart], the Court . . . dismisses that portion of the [complaint]."); *Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 616–17 & n.2 (S.D.N.Y. 2013) ("To the extent that [plaintiff] intends to assert copyright claims regarding these unspecified photographs, that portion of his Complaint is dismissed."); *Schneider v. Pearson Educ., Inc.*, No. 12 Civ. 6392(JPO), 2013 WL 1386968, at *3 & n.3 (S.D.N.Y. Apr. 5, 2013) (holding that plaintiff alleged the specific works to which he owned the copyright were infringed upon where plaintiff listed the ten photographs at issue, but dismissing claims as to works beyond those ten).

[4] "Generally . . . when a court dismisses a complaint for failure to comply with Rule 8, the dismissal should be without prejudice to replead." *Cole v. John Wiley & Sons, Inc.*, No. 11 CIV. 2090 DF, 2012 WL 3133520, at *7 (S.D.N.Y. Aug. 1, 2012) (citing *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

notes which registration applies to each Image listed. (*Id.*, Ex. A.) Because Defendant does not challenge this averment, the Court finds that the second *Kelly* element has been adequately plead.

### c. Validity of P/K's Copyright Registrations

Under the Copyright Act, with certain exceptions that are not relevant here, preregistration or registration of a copyright claim is a prerequisite to the commencement of any civil action for infringement. *See* 17 U.S.C. § 411(a). Thus, "[a] copyright holder may only sue for infringement of that copyright if it possesses a valid copyright registration." *Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 896 F. Supp. 2d 223, 229 (S.D.N.Y. 2012). A registration, however, will not satisfy this requirement if it contains inaccurate information that "was included on the application for copyright registration with knowledge that it was inaccurate; and the inaccuracy of the information, if known, would have caused the Register to refuse registration." 17 U.S.C. § 411(b)(1). In any such case in which inaccurate information is alleged, the court "shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register to refuse registration." 17 U.S.C.A. § 411(b)(2).

The parties dispute the validity of Plaintiff's three copyright registrations in light of prior litigations involving Plaintiff and the copyrights. Defendant contends that the rulings of these prior cases should collaterally estop Plaintiff from litigating the issue here. (Def. Mem. at 13–14.) "Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153 (1979). "Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his

privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979); *see also Allen v. McCurry*, 449 U.S. 90, 94 (1980).

Courts "apply federal law in determining the preclusive effect of a federal judgment." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). Thus, because the prior decisions were issued by federal courts, federal law applies here. *See id.* The federal test for the application of collateral estoppel contains four elements: "(1) the identical issue was raised in a previous proceeding; (2) the issue was 'actually litigated and decided' in the previous proceeding; (3) the party had a 'full and fair opportunity' to litigate the issue; and (4) the resolution of the issue was 'necessary to support a valid and final judgment on the merits.'" *Boguslavsky v. Kaplan*, 159 F.3d 715, 720 (2d Cir. 1998) (quoting *Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 91 (2d Cir. 1997)).

### i.    VAu 529-623

The first registration at issue is VAu 529-623, registered June 25, 2001 (the " '623 Registration"). This registration was challenged in *Palmer/Kane LLC v. Gareth Stevens Publ'g*, No. 1:15-CV-7404-GHW, 2016 WL 6238612, at *5 (S.D.N.Y. Oct. 24, 2016) ("*Gareth Stevens I*"), *Palmer/Kane LLC v. Gareth Stevens Publ'g*, No. 1:15-CV-7404-GHW, 2017 WL 3973957, at *2 (S.D.N.Y. Sept. 7, 2017) ("*Gareth Stevens II*"), and *Palmer/Kane LLC v. Rosen Book Works LLC*, 188 F. Supp. 3d 347 (S.D.N.Y. 2016) ("*Rosen Book Works I*"). In those cases, the defendants Gareth Stevens Publishing and Rosen Book Works LLC each respectively moved the court to issue a request to the Copyright Office, pursuant to § 411(b)(2) of the Copyright Act, to advise whether that Office would have refused registration if it knew that certain information included in the underlying registration application was inaccurate.

On May 27, 2016, Judge Rakoff granted the § 411(b)(2) motion brought by Rosen Book Works LLC with respect to the '623 Registration. *See Rosen Book Works I*, 188 F. Supp. 3d at 353. Judge Rakoff found that P/K's copyright application for the '623 Registration contained "'inaccurate information' insofar as it indicated that the images at issue had not been published, when they in fact had been published," that "plaintiff surely would have known [this] at the time," and that it was "more than plausible that the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration." *Id.* at 351–52 (internal quotation marks omitted). Accordingly, the court granted Rosen Book Works' request to consult the Register of Copyrights, finding that "the statutory criteria for mandatory referral under § 411(b)(2) have been met." *See id.* at 352. Despite this ruling, a referral was never issued to the Copyright Office because the case was voluntarily dismissed with prejudice by P/K. (*See* Pl. Mem. in Opp. ("Pl. Mem.") ECF No. 21, Parness Dec. Ex. B, *Palmer/Kane LLC v. Rosen Book Works LLC*, 1:15-cv-07406-JSR (S.D.N.Y. June 8, 2016).)

That same day, on May 27, 2016, Judge Woods *denied* the § 411(b)(2) motion brought by Gareth Stevens Publishing, which was also with respect to the '623 Registration. *See* Order, *Palmer/Kane LLC v. Gareth Stevens Publ'g*, No. 1:15-CV-7404-GHW, Dkt. 44 (S.D.N.Y. May 27, 2016) (oral decision). Judge Woods concluded that the defendant had not established as a factual matter that P/K had included inaccurate information on the '623 registration application with knowledge that it was inaccurate. *Id.* Subsequently, in *Gareth Stevens I*, Judge Woods denied the defendant's motion for reconsideration of the denial of the § 411(b)(2) request, explaining that "the fact that another district court interpreted that [same] evidence in a different manner and exercised its discretion differently with respect to the appropriate timing of a § 411(b)(2) request does not form an adequate basis for reconsideration." 2016 WL 6238612, at *4. Then, in *Gareth*

*Stevens II*, Judge Woods denied summary judgment on this same issue, holding that "triable issues of fact exist regarding whether Palmer/Kane included inaccurate information on its application for Registration No. VAu 529-623 with knowledge that it was inaccurate within the meaning of Section 411(b)." 2017 WL 3973957, at *14. The parties proceeded to settle the case, and no referral was made to the Copyright Office regarding the '623 Registration. (*See* Pl. Mem., Parness Dec. Ex. C, *Palmer/Kane LLC v. Gareth Stevens Publ'g*, No. 1:15-CV-7404-GHW (S.D.N.Y. Sept. 14, 2017).)

Defendant asks this Court to apply the principles of collateral estoppel to dismiss the '623 claims, or, in the alternative, make a referral to the Register of Copyrights. As for the request to dismiss the '623 claims, Defendant plainly overreaches—*Rosen Book Works I* did not hold that the '623 registration was invalid, only that referral to the Copyright Office was warranted. *See Rosen Book Works I*, 188 F. Supp. 3d at 352. Therefore, the Court will not dismiss the '623 claims on that basis.

As to whether this Court is bound to refer the '623 registration to the Register of Copyrights, Defendant's position is similarly unavailing. Assuming, without deciding, that all four elements of collateral estoppel have been met with respect to *Rosen Book Works I*,[5] there are three other orders that address the same issue and reach the *opposite* conclusion (Judge Wood's May 27, 2016 oral decision, *Gareth Stevens I*'s denial of reconsideration, and *Gareth Stevens II*'s denial of summary judgment). Therefore, these conflicting findings on the same issue prevent the Court

---

[5] The court notes that the fourth element of finality likely vitiates Defendant's issue preclusion theory. In assessing the finality of the decision, courts in this circuit are to consider "such factors as the nature of the decision (*i.e.*, that it was not avowedly tentative), the adequacy of the hearing, and the opportunity for review," *Kay-R Elec. Corp. v. Stone & Webster Const. Co.*, 23 F.3d 55, 59 (2d Cir. 1994) (quoting *Lummus Co. v. Commonwealth Oil Ref. Co., Inc.*, 297 F.2d 80, 89 (2d Cir.1961), *cert. denied*, 368 U.S. 986 (1962)) (denial of summary judgment deemed insufficiently final to warrant issue preclusion). Judge Rakoff's decision in *Rosen Book Works I* and Judge Wood's May 27, 2016 decisions were interlocutory orders that do not fall under the exceptions provided in 28 U.S.C. § 1292—as such, they were not appealable "final judgments," which weighs heavily against the application of issue preclusion.

from ascertaining a preclusive effect one way or the other.  As such, Defendant's motion to dismiss is denied as to the claims pertaining to the '623 registration.

### ii.    VA 1-297-358

The VA 1-297-358 registration, registered on February 5, 2005 (the " '358 Registration"), was challenged in *Palmer/Kane LLC v. Rosen Book Works LLC*, 204 F. Supp. 3d 565, 569–72 (S.D.N.Y. 2016) ("*Rosen Book Works II*").  In *Rosen Book Works II*, the court analyzed whether P/K's infringement claims pertaining to the '358 Registration were valid, particularly considering that the registration was considered a "group" registration.  *See id*. at 569–70.  *Rosen Book Works II* examined the conditions upon which group registrations may be made, finding that "[u]nder [the applicable] rules, group registration of published photographs is permitted only if 'the photographs in the group [ ] have been published <u>within the same calendar year</u>.'"  *Id*. at 570 (citing 37 C.F.R. § 202.3(b)(10)(iii)) (emphasis in original).  The court found that, while the '358 Registration stated that all of the photographs in the group were "first published in July 2002," the five photographs at issue were in fact published *before* that calendar year.  *Id*. at 571–72.  As a result, the court found the defendant had "conclusively rebutted the presumption that [the five photographs were] validly registered."  *Id.* at 572.  Therefore, the court dismissed the infringement claims relating to the five aforementioned photographs "because the statutory prerequisite of a validly registered copyright has not been met."  *Id* at 572–73.

Importantly, it does not appear that *Rosen Book Works II* invalidated the '358 Registration in its entirety—indeed, the language used suggests its decision was constrained to only apply to the five relevant photographs.[6]  This approach is consistent with the case law addressing an

---

[6] Defendant appeared to focus on the latter, as-applied challenge.  For example, the opinion notes that the defendant "contends that although these Registrations were apparent 'group' registrations, they do not satisfy the conditions upon which such registrations may be made—*at least as to the photographs in question.*" (emphasis added).  *Id*. at 569; *see*

analogous group registration scenario: where group registrations for unpublished works improperly include previously published works, the registrations remain valid for the unpublished works properly included in the group. *See Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 896 F. Supp. 2d 223, 231 (S.D.N.Y. 2012) ("[P]rior publication does not invalidate registration of the unpublished elements of the collection . . ., but it does invalidate the registration as to the previously published designs.") (emphasis added); *Urban Textile, Inc. v. Cato Corp.*, No. 214CV06967ODWFFMX, 2016 WL 6804911, at *5 (C.D. Cal. Apr. 1, 2016) (same).

For this reason, *Rosen Book Works II* did not address an "identical issue" to the instant case—it determined that the '358 registration was invalid as to five photographs that are not the subject of this litigation. Defendant has not argued that the current litigation involves any infringement claims pertaining to the five photographs deemed invalidly registered in *Rosen Book Works II*. Therefore, issue preclusion does not bar this Court from considering the '358 Registration anew as it relates to the photographs included in Exhibit A of the Complaint.[7] *See Faulkner v. Nat'l Geographic Enterprises Inc.*, 409 F.3d 26, 37 (2d Cir. 2005) ("Use of collateral estoppel 'must be confined to situations where the matter raised in the second suit

---

*also id*. at 571 ("[D]efendant argues that . . . the protection of [the '358] Registration cannot extend *to those photographs*." (emphasis added)).

[7] Moreover, Plaintiff contends that it has since cured the defects of the '358 Registration. (*See* Pl. Mem. at 16–17.) Plaintiff claims a supplemental registration filed on January 19, 2018, VA0002127862 (the " '852 Registration") augments the '358 Registration. Plaintiff notes that the Copyright Office included the explanation that the "['358] Application for registration was not intended to include previously registered, pre-existing material that was a part of the Palmer Kane collection and therefore included in the printout provided by Corbis." (*See* Pl. Mem. at 17.)

If true, this fact—which has not been alleged in the Complaint—would further distinguish *Rosen Book Works II* from the instant case. That is because *Rosen Book Works II* addressed the validity of the '358 Registration as of 2016, whereas this Court must evaluate the validity of the '358 Registration in light of Plaintiff's subsequent efforts to remedy the registration flaws identified in *Rosen Book Works II*. *See L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 854 (9th Cir. 2012), *as amended on denial of reh'g and reh'g en banc* (June 13, 2012) (finding plaintiff had corrected the registration error of inclusion of previously published works in registration of unpublished collection by filing a supplemental registration).

is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal rules remain unchanged.'") (quoting *Commissioner v. Sunnen*, 333 U.S. 591, 599–600 (1948)).  Accordingly, Defendant's motion to dismiss is denied as to the claims pertaining to the '358 registration.

### iii.  VA 1-811-724

*Rosen Book Works II* similarly addressed the VA 1-811-724 registration, registered on October 12, 2011 (the " '724 Registration").  The court found that the '724 Registration, also a group registration, "indicates that the date of first publication of the registered works is January 30, 2006[,] . . . however, plaintiff's own documents show that [the one image at issue] was first published prior to 2006."  *Rosen Book Works II*, 204 F. Supp. 3d at 573–74.  The court dismissed the infringement claim arising from the defendant's use of the one image, because the image was "not validly registered with the Copyright Office and because proper registration is a precondition to bringing an action for copyright infringement."  *Id.* at 574.

The Court's analysis of the '724 Registration tracks its analysis of the '358 Registration: because *Rosen Book Works II*'s holding regarding the '724 Registration was limited to one image—an image that is not in dispute in the instant case—the issues before the Court are not "identical," and therefore collateral estoppel will not apply for the reasons stated above.  Defendant's motion to dismiss is accordingly denied as to the claims pertaining to the '724 Registration.

### d.  Acts and Timing of Alleged Infringement

Defendant argues that Plaintiff has not sufficiently identified the infringing acts, and thus has failed to satisfy the fourth *Kelly* factor.  (Def. Mem. at 18–22.)  *See Kelly*, 145 F.R.D. at 36 (complaint must allege "what acts during what time the defendant infringed the copyright.").  In

particular, Defendant underscores several Images for which an infringing publication and/or a time period of the infringement has not been alleged.

Plaintiff broadly alleges the following acts of infringement: Defendant's "use of photographs without bothering to seek any permission or license," "use of photographs that may have been licensed in ways that exceeded those licenses," and "use of photographs that may have been licensed where such licenses have expired." (Compl. ¶ 3.) The timing and details of the infringements as alleged in the Complaint are summarized in the following paragraphs:

- **No. 2, "Sampling Water"[8]**: Defendant's book entitled Ocean Pollution, which includes Image No. 2, was included in a set of 6 leveled readers called the Environment, which contains an ebook version of Ocean Pollution. The title also appears in a subscription-based online database. The digital format and online database are not uses included in the relevant license, and these uses are infringing. (*See id.* ¶¶ 43–44, 46–48.)

- **No. 3, "High School Chemistry"**: In 2011, after the expiration of the relevant license, Defendant published an edition of Science Measuring Tools, which included Image No. 3, and this use is infringing. (*See id.* ¶¶ 26–27.)

- **No. 4, "Family Watching Falling Stars"**: In 2004, Defendant used Image No. 4 in the book entitled Stars in a manner that materially exceeded the size limitation in the license, and this use is infringing. (*See id.* ¶¶ 37–39.)

- **No. 5, "Children Using Flash Cards to Learn Math"**: In 2015, Defendant did not seek or obtain any license to use Image No. 5 in the new edition of Welcome to our School, and this use is infringing. (*See id.* ¶¶ 21–24.)

- **No. 8, "Boy and Girl Looking at Star Fish"[9]**: In 2009, after the expiration of the license, Defendant facilitated or licensed the publishing of at least one foreign edition of Life at the Beach, which included Image No. 8, with an overseas publisher, and this use is infringing. (*See id.* ¶¶ 29–30.)

- **No. 10, "Family Beach Outing":** Defendant's title Summer to Fall, the textbook in which the photograph infringement appears, can be found as a current selection on the state-wide adoption lists of the three largest adoption states, California, Texas, and Florida, as well as New York City. Upon information and belief, these inventory requirements collectively

[8] Exhibit A lists the title as "Water Testing."

[9] Exhibit A lists the title as "Brother and Sister at the Beach."

would exceed the total licensed print run, and these excesses are infringing. (*See id.* ¶¶ 32–34, 36.)

- **No. 11, "Boy and Girl Looking at Globe"**:  In 2007, in the book entitled Mapping the Way, Defendant enlarged the size of the photograph beyond the scope of the license, and included a second use of the photograph which was not included in the license, and these uses are infringing.  (*See id.* ¶¶ 40–41.)

Exhibit A of the Complaint lists the alleged "Infringing Title(s)" for each of the 12 photographs listed.  (*See* Compl., Ex. A.)  The "Publication Date(s)" listed appear to refer to the date the photograph was first published, not the date of the alleged infringement.[10]  (*See id.*)  Several of the photographs listed in Exhibit A, however, do not have any further information regarding the timing and details regarding the alleged infringement (Image Nos. 1, 6, 7, 9, and 12).

Courts will grant motions to dismiss where plaintiffs have failed to allege any infringing acts beyond conclusory statements, such as to provide inadequate notice to defendants of the claims brought against them.  For example, in *Palmer Kane LLC v. Scholastic Corp.*, No. 12 CV 3890, 2013 WL 709276, at *3 (S.D.N.Y. Feb. 27, 2013) ("*Scholastic I*"), the court dismissed broad assertions that the defendant "exceeded the licenses," "reused [plaintiff's] works without a license" and used the images "without permission" or "prior to obtaining permission" as insufficient allegations, absent any further factual support.[11]  The *Scholastic I* court later found, however, that by identifying book published by the defendant that contain unauthorized photographs, the plaintiff

---

[10] For example, Image No. 3, "High School Chemistry" has "2004" listed as the "Publication Date" in Exhibit A, which is confirmed in paragraph 26 of the Complaint.  ("This photograph . . . appeared in the textbook entitled Science Measuring Tools, which was published in or around 2004.").

[11] *See also Cole v. John Wiley & Sons, Inc.*, No. 11 CIV. 2090 DF, 2012 WL 3133520, at *13 (S.D.N.Y. Aug. 1, 2012) (dismissing allegations that the defendant published certain of plaintiff's photos in publications that were identified in another case as containing unlicensed photographs, where the plaintiff did not detail any infringing "acts*"); Mahnke v. Munchkin Prod., Inc.*, No. 99CIV.4684(LTS)(THK), 2001 WL 637378, at *5 (S.D.N.Y. June 7, 2001) (dismissing infringement claims and "accept[ing] defendant's assertion that it is difficult to respond to plaintiff's generic references to an infringing 'baby soda bottle,' which fail to identify those specific . . . products, or particular elements of the products, that are allegedly infringing"); *Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 228 (S.D.N.Y. 2000) (finding "unadorned allegation" that defendants have published a photograph "'beyond the scope . . . of the limited license,' absent any factual support, merely states a legal conclusion insufficient to withstand a motion to dismiss.").

had alleged "some facts that could constitute infringing acts." *Palmer Kane LLC v. Scholastic Corp.*, No. 12 CIV. 3890 TPG, 2014 WL 1303135, at *4 (S.D.N.Y. Mar. 31, 2014) ("*Scholastic II*").

Applying these principles to the instant case, the Court finds that Plaintiff has adequately alleged infringing "acts" by identifying the infringing titles for each Image listed in Exhibit A, with the exception of Image No. 6 (infringing title listed as "unknown."). Although the Complaint does not provide narrative detail regarding the type of infringements for Image Nos. 1, 7, 9, and 12, it does at least list the infringing titles, and a complaint "need not specify which copyright is infringed by which act." *Scholastic I*, 2013 WL 709276, at *3 (S.D.N.Y. Feb. 27, 2013) (citing *Richard Feiner and Co., Inc. v. Larry Harmon Pictures Corp.*, 38 F. Supp. 2d 276, 279 (S.D.N.Y. 1999).[12]

Certain of plaintiff's claims, however, fail to allege "during what time the defendant infringed the copyright." *Kelly*, 145 F.R.D. at 36. As summarized above, Image Nos. 2, 3, 4, 5, 8, 10, and 11 contain allegations regarding the time period of Defendant's infringement.[13] Because

---

[12] *See also Lefkowitz v. McGraw-Hill Glob. Educ. Holdings, LLC*, 23 F. Supp. 3d 344, 354 (S.D.N.Y. 2014) (where plaintiff identified the publication of certain images and information regarding the license limits, the "fact that Plaintiff did not include this information for all instances of infringement does not render the [complaint] insufficient, because Plaintiff need not include these allegations in order to plead his claim for copyright infringement adequately."); *Young-Wolff v. McGraw-Hill Companies*, No. 13-CV-4372 KMW JCF, 2014 WL 349711, at *5 (S.D.N.Y. Jan. 31, 2014) (rejecting argument that plaintiff must allege "how each particular photograph has been infringed"); *Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 618 (S.D.N.Y. 2013) (concluding "[I]t is not fatal to [plaintiff's] copyright claim that the Complaint fails to specify how each particular photograph has been infringed" and noting defendant "may, in an abundance of caution, assume that it is being accused of violating each license in every way identified.") (internal quotations omitted); *Schneider v. Pearson Educ., Inc.*, No. 12 CIV. 6392 JPO, 2013 WL 1386968, at *3 (S.D.N.Y. Apr. 5, 2013) (finding complaint sufficient even though it did not specify how defendant infringed on any particular photograph); *Frerck v. Pearson Educ., Inc.*, 2012 WL 1280771, at *3 (N.D.Ill. Apr. 16, 2012) (plaintiff not required to "plead specific details as to each infringing act," because such a requirement "would impose a higher burden on copyright claims than is required under the federal rules"); *Pacific Stock, Inc., v. Pearson Educ., Inc.*, 2012 WL 93182, at *6 (D. Haw. Jan. 11, 2012) (where acts of infringement were described using "and/or," rejecting requirement that plaintiff "allege the precise manner in which it exceeded each license").

[13] Image Nos. 2 and 10 appear to allege "current" or ongoing infringement, which is sufficient. *See Blagman v. Apple Inc.*, No. 12 Civ. 5453(ALC)(JCF), 2013 WL 2181709, at *3 (S.D.N.Y. May 20, 2013) (holding that the

Image Nos. 1, 6, 7, 9, and 12 do not, they do not meet the muster of pleading requirements under *Kelly*. *See Young-Wolff v. McGraw-Hill Companies*, No. 13-CV-4372 KMW JCF, 2014 WL 349711, at *5 (S.D.N.Y. Jan. 31, 2014) (where complaint did not "contain a single date or reference to a time period," it "therefore fail[ed] to meet the fourth pleading requirement for a claim of copyright infringement"); *Cole v. John Wiley & Sons, Inc.*, No. 11 CIV. 2090 DF, 2012 WL 3133520, at *13 (S.D.N.Y. Aug. 1, 2012) ("Plaintiff's allegations are inadequate because Plaintiff fails to identify the time period during which any infringing acts occurred.").

The claims pertaining to Image Nos. 1, 6, 7, 9, and 12, are therefore dismissed without prejudice. Plaintiff is granted leave to replead to the extent it can specify the dates or periods of time in which Defendant is alleged to have infringed those six Images, and the infringing title or other facts supporting its infringement claim for Image No. 6. *See Young-Wolff*, 2014 WL 349711, at *5 (dismissing infringement claims but granting leave to replead); *Mahnke v. Munchkin Prod., Inc.*, No. 99CIV.4684(LTS)(THK), 2001 WL 637378, at *6 (S.D.N.Y. June 7, 2001) (same).

## II.     Copyright Act's Statute of Limitations

Defendant argues that Plaintiff's claims are barred by the statute of limitations. This is an affirmative defense for which Defendant bears the burden of proof. *See Sohm v. Scholastic Inc.*, No. 16-CV-7098 (JPO), 2018 WL 1605214, at *10 (S.D.N.Y. Mar. 29, 2018) (citing *United States v. Livecchi,* 711 F.3d 345, 352 (2d Cir. 2013)).

Under the Copyright Act, the limitations period for a copyright infringement claim is three years. *See* 17 U.S.C. § 507(b). Section 507(b) provides: "No civil action shall be maintained

plaintiff adequately pleaded the requisite time period where although he did not "specify the time period of infringement[,]" plaintiff did allege the defendants' "continued infringement, which courts in this Circuit have held satisfactory to survive a motion to dismiss") (collecting cases); *Franklin Elec. Publishers, Inc. v. Unisonic Prod. Corp.*, 763 F. Supp. 1, 4 (S.D.N.Y. 1991) (allowing claims because "while plaintiff has not alleged the date defendants allegedly commenced their infringing activities, plaintiff has alleged that defendant continues to infringe").

under the provisions of this title unless it is commenced within three years after the claim accrued." *Id*. To determine when a claim "accrues," the Second Circuit follows the prevailing "discovery rule," whereby "copyright infringement claims do not accrue until actual or constructive discovery of the relevant infringement." *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 125 (2d Cir. 2014). Constructive discovery refers to when the copyright holder "with due diligence should have discovered" the infringement. *Id*. at 124.

Copyright actions are also subject to the "separate-accrual rule," *i.e.*, "each infringing act starts a new limitations period." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 671 (2014). The three-year "lookback" also applies "when a defendant has engaged . . . in a series of discrete infringing acts, the copyright holder's suit ordinarily will be timely under § 507(b) with respect to more recent acts of infringement (*i.e.*, acts within the three-year window), but untimely with respect to prior acts of the same or similar kind." *Id.* at 672.

Defendant points to language in the Complaint that suggests the statute of limitations has run for Image No. 4 "Family Watching Falling Star" and Image No. 11 "Boy and Girl Looking at Globe." (*See* Def. Mem. at 16.) The Complaint states that the infringements of these Photographs are alleged "[u]pon information and belief, based on the royalty information reported to Palmer/Kane and the rate schedule in effect *at the time*." (emphasis added). (*See id.*; Compl. ¶¶ 38, 41.) Plaintiff counters that this should not be taken as an admission that P/K knew of the infringements "at the time"—rather, Plaintiff maintains that the allegation pertains to "present-day application of the then-applicable rate schedule." (*See* Pl. Mem. at 21.) Viewing the pleadings in the light most favorable to the non-movant, the Court finds that Defendant has not shown that Plaintiff was on inquiry notice of these alleged infringements.

Defendant further argues that Plaintiff had the means to discover and with reasonable diligence should have discovered the alleged infringements of not only Image Nos. 4 and 11, but also all of the remaining infringements alleged against Defendant. (*See* Def. Mem. at 16.) Defendant bases this contention on case law in which the fact of publication alone sufficed to establish constructive notice. *See Kwan v. Schlein*, 441 F. Supp. 2d 491, 499 (S.D.N.Y. 2006); *Ortiz v. Guitian Bros. Music Inc.*, No. 07 CIV. 3897, 2008 WL 4449314, at *3 (S.D.N.Y. Sept. 29, 2008); *Manuel v. Paramount Pictures*, No. 01 CIV. 814 (GEL), 2001 WL 1135917, at *1 (S.D.N.Y. Sept. 26, 2001). But these cases are not factually analogous to the instant case. In *Kwan*, the court was analyzing a co-authorship rights claim, which is not an infringement claim. *See* 441 F. Supp. 2d at 498–99 (distinguishing claim accrual rules for co-authorship cases from those applicable to infringement cases). Similarly, the court in *Ortiz* dismissed a copyright ownership claim, not one of infringement. 2008 WL 4449314, at *3 (observing "[a]n express assertion of sole authorship or ownership will start the copyright statute of limitations running") (quoting *Big E. Entm't, Inc. v. Zomba Enterprises, Inc*, 453 F. Supp. 2d 788, 794 (S.D.N.Y. 2006)). *Manuel* is distinguishable because it revolved around the film *Titanic*, which was released "amidst oceans of publicity"—a fact that has not been alleged here. 2001 WL 1135917, at *1. Thus, the Court will not go so far as to conclude that publication in and of itself triggers constructive discovery in this infringement case involving stock photographs published in educational textbooks and other books.

Accepting the facts pleaded as true, and drawing all reasonable inferences in Plaintiff's favor, there are insufficient facts from which the Court may find that Plaintiff "with due diligence should have discovered" the various infringements. Accordingly, the Court concludes that the Defendant's statute-of-limitations defense does not support dismissal at this stage.

## III.    Contributory/Vicarious Copyright Infringement

Plaintiff's third and fourth causes of action respectively allege contributory and vicarious copyright infringement.   (Compl. ¶¶ 62–82.)   "One infringes contributorily by intentionally inducing or encouraging direct infringement, and infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it."   *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005) (citations omitted).   Plaintiff alleges that Defendant has "direct[ed] and enabl[ed] Terbilang Buku and others to publish and display publicly Benchmark textbooks that contain the photographs."  (Compl. ¶¶ 63, 73.)   Defendant contends that these contributory and vicarious copyright infringement claims are insufficiently pleaded.   The Court agrees.

### a.   Direct Infringement by a Third Party

First, Defendant argues that the complaint does not identify any direct infringement by a third party.   *See Matthew Bender & Co. v. W. Pub. Co.*, 158 F.3d 693, 706 (2d Cir. 1998) (rejecting plaintiff's contributory infringement claim, in part, because plaintiff "failed to identify any primary infringer"); *Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 229 (S.D.N.Y. 2000) ("[T]o adequately plead contributory copyright infringement plaintiff must initially plead a direct infringement.").   Plaintiff points to two paragraphs in the complaint which make reference to infringing uses committed by "an overseas publisher" and "one or more foreign publishers," (*see* Compl. ¶¶ 30, 31), but these references are generalized and are never expressly linked to the entity "Terbilang Buku," referenced later in the complaint.

Plaintiff broadly alleges that "[t]hose so directed or enabled by Benchmark are therefore directly infringing [P/K's] exclusive rights of reproduction and public display" and that "Benchmark enables, induces, facilitates, and materially contributes to each act of infringement

by Terbilang Buku and others." (*Id.* ¶¶ 64–65.) These allegations, however, amount to conclusory statements: the complaint is devoid of any factual allegations that might describe the third party's infringing acts or Defendant's alleged enablement, inducement, facilitation or contribution to such infringement. *See Brought to Life Music, Inc. v. MCA Records, Inc.*, No. 02 CIV. 1164 (RWS), 2003 WL 296561, at *2 (S.D.N.Y. Feb. 11, 2003) ("To establish a claim for contributory copyright infringement, a plaintiff must allege that the defendant 'with knowledge of the infringing activity, induce[d], cause[d], or materially contribute[d] to the infringing conduct of another.'") (quoting *Gershwin Publishing Corp. v. Columbia Artists Management, Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971)). As such, Plaintiff has failed to state a contributory infringement claim that is plausible on its face. *See id.* at *3 (collecting cases in which motions to dismiss granted where plaintiffs failed to allege sufficient contributory participation in a direct infringement); *Panoramic Stock Images, Ltd. v. Pearson Educ., Inc.*, Civ. No. 12–9918, 2013 WL 2357586, at *3 (N.D. Ill. May 29, 2013) (dismissing a contributory infringement claim because the complaint: "fail[ed] to identify . . . any factual basis suggesting that [defendant] induced or encouraged infringement.). There are insufficient facts alleged from which this Court may reasonably infer that any contributory infringement took place either inside or outside the United States.[14]

### b. Defendant's Control of or Financial Interest in the Third Party

Second, Defendant argues that the complaint does not allege any control or financial interest by Defendant, as required to establish vicarious liability for Terbilang Buku's alleged infringements. *See Matthew Bender & Co.*, 158 F.3d at 707, n.22 (finding "plaintiffs cannot be

---

[14] Plaintiff's contributory infringement claim falls short of other complaints that have met muster under 12(b)(6). *Cf. Gordon v. Pearson Educ., Inc.*, 85 F. Supp. 3d 813, 822 (E.D. Pa. 2015) (complaint alleged defendant's "actual transmission of the Photographs to the third parties," which "suffice[d] to constitute an active step that could have encouraged or materially contributed to the infringing conduct."); *Bavendam v. Pearson Educ., Inc.*, No. CIV. 13-3096 FSH, 2013 WL 5530008, at *5 (D.N.J. Oct. 3, 2013) (complaint alleged defendant's "material contribution in the form of reproduction, transmission, and facilitation.").

subject to liability for vicarious infringement because they cannot control the conduct of the direct infringer."); *Gershwin Pub. Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971) (defendant may be found vicariously liable if he "has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities.").

The complaint does allege that "Benchmark derives substantial revenue tied directly to the sales of Benchmark textbooks published or sold by Terbilang Buku and others, which it accomplishes in substantial part by offering the broadest spectrum and highest-quality content to its potential customers." (Compl. ¶ 78). However, even assuming that Plaintiff has sufficiently alleged a financial interest in Terbilang Buku's infringements, the complaint fails to adequately allege the control prong of the vicarious infringement claim. The complaint does not contain any factual support for the proposition that Defendant has the "right and ability to supervise" the infringing activity. *See Viacom Int'l, Inc. v. YouTube, Inc.*, 676 F.3d 19, 36 (2d Cir. 2012) ("The common law imposes liability for vicarious copyright infringement '[w]hen the right and ability to supervise coalesce with an obvious and direct financial interest in the exploitation of copyrighted materials'"). Plaintiff's unadorned assertion that "Benchmark has both the right and ability to supervise" Terbilang Buku's conduct, (*see* Compl. ¶ 76), is not enough. *Cf. BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 357 (S.D.N.Y. 2014) ("Plaintiffs have alleged that Defendants 'retain the right of full control over the content of the websites, including uploaded images'; that Defendants 'maintain sole discretion to refuse or remove any content'; and that Defendants '"could take simple measures to prevent the theft, but fail to do so.' This is sufficient to plead that Defendants had the right and ability to supervise the use of the websites.").

Because Plaintiff has insufficiently pleaded its third and fourth causes of action, the Court therefore dismisses those claims without prejudice.

## CONCLUSION

For the foregoing reasons, Defendant's motion is GRANTED in part and DENIED in part. Defendant's motion to dismiss is granted, without prejudice, with respect to Image Nos. 1, 6, 7, 9, and 12, and to the extent that Plaintiff's claims pertain to works not listed in Exhibit A of the Complaint. Plaintiff's third and fourth cause of action are also dismissed without prejudice. The motion is denied as to Plaintiff's remaining claims. Leave is granted to file an amended complaint within 45 days hereof. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 18.

SO ORDERED.

Dated:    January 6, 2020
          White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge